IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

VERNON L. POPE,

    Petitioner,

v.                                       Civil Action No. 3:10cv24

DANIEL T. MAHON,

    Respondent.

## MEMORANDUM OPINION

Vernon L. Pope, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Pope raises six grounds for relief:

| | |
|---|---|
| Claim One | Pope was denied effective assistance of counsel because his trial counsel failed to object to the *ex parte* communication between the judge and jury. (2254 Pet. 6.) |
| Claim Two | Pope was denied effective assistance of counsel because his appellate counsel did not adequately brief the *ex parte* communication issue on appeal. (2254 Pet. 8.) |
| Claim Three | Pope was denied a fair and impartial jury because of the *ex parte* communication. (2254 Pet. 10.) |
| Claim Four | Pope was denied his right to access the courts because the trial court refused to provide him with free copies of his arrest warrants. (2254 Pet. 12.) |
| Claim Five | Pope was denied an impartial jury and due process rights because the trial court "utilized intentional racial discrimination in the selection of the jury panel." (2254 Pet. 14.) |

---

[1] Pope applied to proceed *in forma pauperis*. (Docket No. 3.) Upon consideration of Pope's payment of the filing fee (Docket No. 5) and his assertion of poverty, his application to proceed *in forma pauperis* will be GRANTED.

| Claim Six | Pope was denied effective assistance of counsel because his trial counsel "failed to properly object to the racial composition of the jury." (2254 Pet. 16.) |

Respondent has moved to dismiss on the grounds that Claims Three and Five are procedurally defaulted; that Claims One, Two, and Six lack merit; and that Claim Four does not provide a cognizable basis for federal habeas relief. Respondent filed a Rule 5 Answer (Docket No. 9), providing Pope with appropriate *Roseboro*[2] notice (Docket No. 11). Both parties have consented to the jurisdiction of a United States Magistrate Judge. (Docket Nos. 13, 14.) The matter is ripe for disposition. For the reasons that follow, the Court will GRANT Respondent's Motion to Dismiss (Docket No. 8).

## I. PROCEDURAL HISTORY

On October 4, 2004, a jury sitting in the Chesterfield County Circuit Court found Pope guilty on two counts of distribution of cocaine and sentenced Pope to twelve years in prison. Pope appealed to the Court of Appeals of Virginia on the ground that he was denied his Sixth Amendment right to a fair and impartial jury because the trial judge entered the jury room during sentencing deliberations to answer the jury's inquiry *ex parte*. *Pope v. Commonwealth*, No. 2622-05-2, 2006 WL 3193741, at *1–2 (Va. Ct. App. Nov. 7, 2006). The Court of Appeals of Virginia refused to review Pope's allegation because the error was not preserved in the lower court.[3] *Id.*

---

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[3] That rule provides:

No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A

2

Thereafter, Pope petitioned the Supreme Court of Virginia for a writ of habeas corpus for the first time seeking the right to file a time-barred appeal. *Pope v. Director*, No. 071633 (Va. Nov. 29, 2007). The Supreme Court of Virginia granted Pope the right to file the delayed appeal. *Id.* Pope filed the appeal, and the Supreme Court of Virginia refused to hear his case. *Pope v. Commonwealth*, No. 080001 (Va. May 8, 2008).

Pope then petitioned the Supreme Court of Virginia for a writ of habeas corpus for a second time.[4] *Pope v. Warden*, No. 090951 (Va. Oct. 7, 2009). On October 7, 2009, the Supreme Court of Virginia denied Pope's petition for a writ of habeas corpus. *Id.*

## II. ANALYSIS

### A. Exhaustion and Procedural Default

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 491-92 & n.10 (1973)). The purpose of the exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize "all

---

mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to preserve the issue for appellate review.

Va. Sup. Ct. R. 5A:18.

[4] In his state petition for a writ of habeas corpus, Pope raised five grounds for relief which are identical to his current Claims One, Two, Four, Five, and Six. *Pope v. Warden*, No. 090951 (Va. Oct. 7, 2009).

3

available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state's courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (*quoting Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). Fair presentation demands that "'both the operative facts and the controlling legal principles must be presented to the state court.'" *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (*quoting Matthews*, 105 F.3d at 911). Thus, "the presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim." *Id.* (*citing Duncan*, 513 U.S. at 366); *see Gray v. Netherland*, 99 F.3d 158, 162-64 (4th Cir. 1996) (concluding petitioner had not fairly presented his legal argument to the state courts). "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews*, 105 F.3d at 911 (*citing Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court

clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1).[5] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

1. **Claim Three**

In Claim Three, Pope asserts that he was denied a fair and impartial jury because of the *ex parte* communication. (2254 Pet. 10.) The Court of Appeals of Virginia rejected the argument on the ground that it was barred by Virginia's contemporaneous objection rule.[6] *Pope*, 2006 WL 3193741, at *1–2.

---

[5] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Matthews*, 105 F.3d at 911 (*citing Sweezy v. Garrison*, 694 F.2d 331, 331 (4th Cir. 1982)).

[6] Because the Supreme Court of Virginia summarily rejected Pope's petition for appeal, it is presumed that it dismissed Claim Three for the reasons stated by the Court of Appeals of Virginia. *See White v. Johnson*, No. 2:05cv365, 2006 WL 2520113, at *4 (E.D. Va. Aug. 25, 2006) (*citing Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)).

Virginia's contemporaneous objection rules 5:25[7] and 5A:18[8] are adequate, independent state grounds for procedural default. *See Weeks v. Angelone*, 176 F.3d 249, 270 (4th Cir. 1999), *aff'd*, 528 U.S. 225 (2000) (finding that Rule 5:25 is an independent and adequate state ground); *Gutersloh v. Watson*, No. 7:10-cv-00083, 2010 WL 3664057, at *3-4 (W.D. Va. Sept. 17, 2010) (finding that Rule 5A:18 is an independent and adequate state ground). Thus, Pope must demonstrate cause and prejudice or a miscarriage of justice. In his petition for a writ of habeas corpus and brief in support thereof, he has alleged neither.[9] (2254 Pet. 10–11; Br. Supp. 2254 Pet. 13–16.) Accordingly, Claim Three will be DISMISSED.

### 2. Claim Five

In Claim Five, Pope asserts that he was denied an impartial jury and due process rights because the trial court "utilized intentional racial discrimination in the selection of the jury panel." (2254 Pet. 14.) The Supreme Court of Virginia held that this issue was barred by the rule in *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974), because it could have been, but was not, raised at trial and on direct appeal. *Pope*, No. 090951, at 4. *Slayton* is an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196–97

---

[7] "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Va. Sup. Ct. Rule 5:25.

[8] "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Va. Sup. Ct. Rule 5A:18.

[9] To the extent that Pope alleges ineffective assistance of counsel as cause to excuse his procedural default, that contention is rejected in the discussion regarding Claims One and Two, *infra*.

(4th Cir. 1997). Therefore, Claim Five is procedurally defaulted.[10] Accordingly, Claim Five will be DISMISSED.

### B. Ineffective Assistance of Counsel

To prove a constitutional claim for ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation was deficient and that actual prejudice stemmed from the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Proving deficient representation "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* That is, a petitioner must show that counsel's performance at trial "'fell below an objective standard of reasonableness' based on the situation at the time rather than on hindsight." *Buckner v. Polk*, 453 F.3d 195, 201 (4th Cir. 2006) (*quoting Strickland*, 466 U.S. at 688). Proving prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. Put differently, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

---

[10] Contrary to Pope's contention, he does not avoid the bar in *Slayton* merely because his attorney raised the issue at trial; his attorney must have also raised the issue on direct appeal. (Br. Supp. 2254 Pet. 19); *Pope*, No. 090951, at 4 ("[T]his non-jurisdictional issue could have been raised at trial *and on direct appeal* and, thus, is not cognizable in the petition for a writ of habeas corpus." (emphasis added)). To the extent that Pope alleges cause based on ineffectiveness of counsel, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), the Court rejects that contention in the discussion regarding Claim Six, *infra*. Furthermore, because Pope has not alleged his actual innocence, he has not shown that a miscarriage of justice would occur if this Court does not hear his claim on the merits. *McBrayer v. Johnson*, No. 3:09cv411, 2010 WL 723675, at *3 (E.D. Va. Mar. 2, 2010) (Lauck, J.) (*quoting United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1999)).

7

1. **Claim One**

In Claim One, Pope asserts that he was denied effective assistance of counsel because his trial counsel failed to object to an *ex parte* communication between the judge and jury. (2254 Pet. 6.) In rejecting this claim, the Supreme Court of Virginia stated:

> The Court holds that [the claim] satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The record, including the trial transcript, demonstrates that the jury submitted a written question after petitioner was convicted and during sentencing deliberations. Contrary to petitioner's assertion, the note, which read, "Clarification of terms of sentencing consecutive (example, by per indictment total of 10 years)," did not prove the jury wanted to sentence the petitioner to five or ten years' imprisonment. The court and the parties, including the petitioner, discussed the jury's question on the record and agreed that the question concerned whether the sentencing recommendation was for consecutive terms. The court asked the parties if it should bring the jury into the courtroom and respond on the record or if it should go into the jury room to respond. The Commonwealth's Attorney stated that the court should go into the jury room to respond and defense counsel did not respond. The court and the parties also agreed that the court would not respond if the jury asked if the court had the power to run the sentences concurrently. Petitioner fails to proffer evidence to prove that the trial court's response to the jurors was different than that agreed to by the parties or that the trial court's action improperly affected the jury's verdict. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Pope*, No. 090951, at 1-2.[11]

Pope's current petition for a writ of habeas corpus suffers the same defects. Pope fails to proffer evidence demonstrating that the trial judge's action improperly influenced the jury, and Pope makes an unsupported assertion about the hidden meaning behind the jury's written question. (Br. Supp. 2254 Pet. 3–4.) If Pope's attorney had objected at the time, it seems likely

---

[11] Under 28 U.S.C. § 2254(e)(1), the factual findings by the Supreme Court of Virginia are presumed correct absent clear and convincing evidence to the contrary. *See Fields v. Kelly*, No. 3:09cv452-HEH, 2010 WL 3665589, at *2 (E.D. Va. Sept. 14, 2010) (*citing Wolfe v. Weisner*, 488 F.3d 234, 239 (4th Cir. 2007)).

8

that the court would have ushered the jury back into the courtroom to respond to the jury's question because the record indicates the judge offered the parties the option for that to occur. Even if the parties had sought that option, Pope cannot demonstrate that a "reasonable probability" exists that the outcome would have been different. *Strickland*, 466 U.S. at 694; *Pope*, 2006 WL 3193741, at *4 (Benton, J., concurring in the judgment) ("[W]e can conclude . . . that the ex parte communication did not affect the jury's impartiality and it was not prejudicial to Pope.") (*citing Rushen v. Spain*, 464 U.S. 114, 117–22 (1983)). Accordingly, Claim One will be DISMISSED.

## 2. Claim Two

In Claim Two, Pope asserts that he received constitutionally ineffective assistance of counsel because his appellate attorney inadequately briefed the *ex parte* issue on appeal. (2254 Pet. 8.) Pope alleges that his appellate counsel failed to cite relevant constitutional, statutory, and case law suggesting that Pope had a right to be present during every stage of his trial.[12] (Br. Supp. 2254 Pet. 11–12.)

Pope, however, does not direct the Court to any additional facts or authority which would have led the Virginia courts to conclude that Pope was entitled to relief on his defaulted claim about the judge entering the jury room. Contrary to Pope's suggestion, simply citing Section 19.2-259[13] of the Virginia Code or *Turner v. Williams*, 812 F. Supp. 1400, 1427 (E.D. Va. 1993), would not have allowed him to prevail on appeal on the claim that his rights were violated by the

---

[12] Although Pope contends otherwise, his appellate attorney *did* invoke the Sixth Amendment. *See* Petition for Appeal at 3, *Pope*, 2006 WL 3193741 (No. 2522-05-2) (raising the "constitutional" right to a fair and impartial jury trial, the right of the defendant to be present, and the right to have counsel present throughout the course of trial).

[13] "A person tried for felony shall be personally present during the trial." Va. Code Ann. § 19.2-259.

9

judge entering the jury room. Indeed, in *Turner*, the Court noted that a defendant could waive the right to be present by failing to object. *See id.* (*citing Bilokur v. Commonwealth*, 270 S.E.2d 747, 751–52 (Va. 1980)). Likewise, invoking Section 19.2-259 of the Virginia Code would not have afforded Pope relief. Such argument would be based on the same set of facts argued on appeal under the more applicable provision, Section 19.2-263.1,[14] which the Supreme Court of Virginia applied and found that Pope did not establish *Strickland*'s prejudice requirement. *Pope*, No. 090951, at 3. Thus, Pope cannot demonstrate that the "'ignored issues are clearly stronger than those presented.'" *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (*quoting Smith v. Robbins*, 528 U.S. 259, 288 (2000)). Accordingly, Claim 2 will be DISMISSED.

### 3. Claim Six

In Claim Six, Pope asserts that he was denied effective assistance of counsel because his trial counsel "failed to properly object to the racial composition of the jury." (2254 Pet. 16.) Pope admits that his attorney objected to the composition of the venire "on the sole ground that there [were] only two blacks on the entire panel," but argues that his attorney should have challenged the underrepresentation of other races as well. (2254 Pet. 16.) When addressing the claim that the panel included only two African-American jurors, the Supreme Court of Virginia determined that Pope did not satisfy either the prejudice or performance prongs of *Strickland*. *Pope*, No. 090951, at 4–5.

Pope attempts to distinguish his current claim from that already determined by the Supreme Court of Virginia by asserting that "[a]ny competent counsel would have immediately objected" (2254 Pet. 16 (spelling corrected)) to a jury venire on which "Hispanics, Asian-

---

[14] "No judge shall communicate in any way with a juror in a criminal proceeding concerning ... any aspect of the case during the course of the trial outside the presence of the parties or their counsel." Va. Code Ann. § 19.2-263.1.

10

Americans, Native Americans, and the other minority classifications were not fairly represented" (Br. Supp. 2254 Pet. 22 (spelling and punctuation corrected)). Presuming this constitutes a separate claim, Pope cannot prevail.

"In order to establish a prima facie violation of the fair-cross-section requirement, the defendant must show . . . (3) that [the] underrepresentation is due to systematic exclusion of the group in the jury-selection process." *Duren v. Missouri*, 439 U.S. 357, 364 (1979). To satisfy this element of the prima facie case, Pope must show that "the cause of the underrepresentation was systematic—that is, inherent in the particular jury-selection process utilized." *Id.* at 366. "[S]ystematic exclusion must be proven; it will not be presumed." *United States v. Espinoza*, 641 F.2d 153, 168 (4th Cir. 1981) (*citing Tarrance v. Florida*, 188 U.S. 519, 520 (1903)). Moreover, "the Constitution does not require that the juror selection process be a statistical mirror of the community." *United States v. Cecil*, 836 F.2d 1431, 1445 (4th Cir. 1988). It only requires that the jury be "gathered without active discrimination." *Id.*

Pope does not evince how the Chesterfield County Circuit Court selects jurors for the jury wheel, nor does he suggest that minorities are consistently underrepresented in venire panels. *Barnes v. Braxton*, No. 3:08CV840, 2009 WL 3366925, at *5–6 (E.D. Va. Oct. 19, 2009). When "the petitioner has not advanced any direct evidence of 'systematic exclusion,'" the Court "cannot conclude that his trial counsel was ineffective for not raising the claim at trial." *Duenas v. Dir., Va. Dep't. of Corr.*, No. 7:05CV00660, 2006 WL 240796, at *4 (W.D. Va. Jan 31, 2006); *accord Truesdale v. Moore*, 142 F.3d 749, 756 (4th Cir. 1998). Moreover, Pope's attorney lodged an objection to some aspect of the racial composition of the venire; Pope merely alleges here that he lodged the wrong objection. Accordingly, Claim Six will be DISMISSED.

11

C.  <u>**Claim Four Does Not Provide a Cognizable Basis for Habeas Relief**</u>

In Claim Four, Pope contends that he was denied his right to access the courts because the trial court refused to provide him with free copies of his arrest warrants. (2254 Pet. 12.) Pope asserts that despite multiple attempts requesting copies of his arrest warrants, the Commonwealth refuses to send him copies free of charge.[15] (Br. Supp. 2254 Pet. 16–17.) The Supreme Court of Virginia held that such assertion "is not cognizable in a petition for a writ of habeas corpus" because "'[t]he writ is available only where the release of the prisoner from his immediate detention will follow as a result of an order in his favor.'" *Pope*, No. 090951, at 3–4 (*quoting Va. Parole Bd. v. Wilkins*, 498 S.E.2d 695, 696 (Va. 1998)).

Because Pope fails to explain how the denial of his arrest warrants entitles him to release from custody, he cannot pursue this claim in habeas. Should Pope wish to pursue this claim further, a more appropriate avenue would exist under 42 U.S.C. § 1983. *See, e.g., Caudell v. Rose*, 378 F. Supp. 2d 725, 728 (W.D. Va. 2005) (addressing a similar argument under 42 U.S.C. § 1983); *see also Strickler v. Waters*, 989 F.2d 1375, 1382–87 (4th Cir. 1993) (analyzing a "meaningful access to the courts" argument pursuant to 42 U.S.C. § 1983). However, the claim does not provide a viable basis for relief under 42 U.S.C. § 1983 because Pope has not alleged a particularized need for the documents. *United States v. Anderson*, No. 2:94cr163, 1997 WL 138970, at *3 (E.D. Va. Mar. 14, 1997) (finding "no constitutional requirement that an indigent

---

[15] Pope cites two cases in support of the proposition that he is entitled to free copies of his arrest warrants. (2254 Pet. 12; Br. Supp. 2254 Pet. 16–17.) *McCoy v. Lankford*, 170 S.E.2d 11 (Va. 1969), merely suggests that a petitioner proceeding *in forma pauperis* is entitled to free copies of his arrest warrants if they are "necessary to the preparation and prosecution of [his] petition for a writ of habeas corpus." *Id.* at 13 (*citing* Va. Code Ann. § 14.1-183 (1964) (repealed 1998)). *Curry v. Pucinski*, 864 F. Supp. 839 (N.D. Ill. 1994), holds that a state actor can be liable under 42 U.S.C. § 1983 if a petitioner can show that the state actor "deprived him of records that were necessary for meaningful and timely appeal." *Id.* at 844.

collaterally attacking a conviction or sentence be supplied with court documents or transcripts at government expense without a showing of a 'particularized need' for the documents" (citations omitted)), *aff'd*, 5 F. App'x 190 (4th Cir. 2001). Accordingly, Claim Four will be DISMISSED.

### III. CONCLUSION

For the reasons stated above, Respondent's Motion to Dismiss (Docket No. 8) will be GRANTED. Pope's claims will be DISMISSED. The petition for writ of habeas corpus will be DENIED. This action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Pope is entitled to further consideration in this matter. A certificate of appealability will therefore be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/ M. Hannah Lauck
United States Magistrate Judge

Date: 12-10-10
Richmond, Virginia